*374 OPINION.
Matthews :
The petitioner accepts the tax computation made by the Commisioner of Internal Revenue, as set forth in the deficiency notice dated June 16, 1928, with the exception that it contends (1) that it is entitled to a further deduction on account of net loss suf-ferred in the year 1924 in the additional amount of $77,100, which is the amount of the loss disallowed by the Commissioner, and (2) that it did not realize a profit in 1925 of $81,300 as found by the Commissioner.
Inasmuch as the serial notes were given in part payment of the purchase price of a fleet of ships, we assume that the face value of the notes represents that part of the purchase price discharged by the issuance of the notes, and therefore, that such notes were issued at their face value. The respondent, in his computation, has treated the notes as having been issued at face value.
The question as to whether a corporation derives taxable income from the purchase of its outstanding bonds or notes at amounts less than the amount received upon issuance, has been before the Board in a long line of cases, beginning with Independent Brewing Co. of Pittsburgh, 4 B. T. A. 870. In all such cases we have held *375 that no taxable income is realized from such purchases. The Court of Claims held to the same effect in Kirby Lumber Co., 44 Fed. (2d) 885. The same question was involved in Kirby Lumber Co., 19 B. T. A. 1046, which case involved years subsequent to the year involved in the Court of Claims case.
No appeal was taken by the Commissioner from the Independent Brewing Co. of Pittsburgh, supra, decision or from the later decisions of the Board to the same effect.
On the authority of the line of decisions beginning with the Independent Brewing Co. of Pittsburgh, supra, we hold that petitioner derived no income from the purchase in 1924 of two of its serial notes for less than their face value.
In the second transaction the petitioner merely reduced the amount of its outstanding indebtedness by substituting for the larger obligation in the form of notes, a smaller obligation in the form of bonds, as in the first transaction it had likewise reduced its indebtedness as to two such notes by a payment in cash at less than their face value. We see no difference in essence between the two transactions and hold that the second is controlled by the same authorities as the first.

Judgment will be entered under Buie 50.